UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MORRIS EDWARDS** | **CIVIL ACTION NO. 10-1095-P** |
| **VERSUS** | **JUDGE WALTER** |
| **DETECTIVE RELLIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Morris Edwards ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 24, 2010. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Detective Rellin, and Shreveport Police Department Officers John Doe 1 and John Doe 2 as defendants.

Plaintiff claims that on January 7, 2010, he reported to his parole officer. He claims his parole officer informed him that the Shreveport Police Department wanted to question him. Plaintiff claims two Shreveport Police Department Officers falsely arrested him for simple burglary and felony auto theft.

Plaintiff claims Detective Rellin has a personal vendetta against him. He claims the arrest warrant was fabricated.

As relief, Plaintiff seeks monetary and punitive damages, an immediate release from

custody, and the charges dismissed.

## LAW AND ANALYSIS

**False Arrest Claim**

In order to prove a claim of false arrest, a plaintiff must show that he was arrested without probable cause. See Brown v. Lyford, 243 F.3d 185, 189 (5th Cir.2001). Probable cause is defined as "the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632 (1979). To overcome qualified immunity, the plaintiff must also establish that a reasonable officer would have known that the arrest was devoid of probable cause. See Brown, 243 F.3d at 190. An officer who reasonably, but mistakenly, believes that probable cause existed for the arrest is entitled to immunity. See Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir.2000).

The outstanding warrant gave the arresting officers probable cause for the arrest. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir.1995) (holding that if "there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails"). Plaintiff's argument that the warrant was fabricated is irrelevant. The arresting officers could reasonably rely on it for probable cause. The court finds that the officers had probable cause to arrest Plaintiff based on the arrest warrant.

Furthermore, Plaintiff does not claim that reasonable officers would have known there was no probable cause to arrest. Thus, the defendant officers are entitled to qualified

immunity and Plaintiff's section 1983 false arrest claim against the officers should be dismissed on this ground as well.

**Vendetta Claim**

Plaintiff also claims Detective Rellin had a personal vendetta against him. A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named Detective Rellin as a defendant and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so. Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Habeas Claim**

Petitioner seeks an immediate release from incarceration. When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth

Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging the length of his incarceration and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction and/or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). Plaintiff has not demonstrated or alleged that he has exhausted his state court remedies. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

Accordingly, Plaintiff claims for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). **IT IS FURTHER RECOMMENDED** that Plaintiff's habeas claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st day of May, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE